```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

| | |
|---|---|
| ROOSEVELT LANDRUM | : |
| | : |
|     Plaintiff, | : |
| | : |
| vs. | :   CIVIL ACTION 16-0399-KD-M |
| | : |
| GEORGIA-PACIFIC CONSUMER | :         Member Case |
| PROD. LP and SHERRY KNIGHT | :   CIVIL ACTION 16-0479-KD-M |
| | : |
|     Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff's Motion to Remand (Doc. 4) has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72, and is now before the Court. This action was consolidated with Member Case Civil Action 16-0479-KD-M[1], with instructions from U.S. District Judge Kristi K. DuBose to consider the instant Motion to Remand as to both cases. (Doc. 14 at 2.) Defendants filed a response (Doc. 10) and all parties have filed supplemental briefings with leave of court (Docs. 13, 21, 22). After careful consideration of the record, it is **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 4) be **GRANTED in part** and **DENIED in part** as follows:

    1. that the Motion be **GRANTED** as to Count I (Alabama
        Workers' Compensation Act Claim) of the Lead Case

---

[1] Hereafter, Civil Action 16-0399-KD-M is referred to as the "Lead Case," and Civil Action 16-0479-KD-M is referred to as the "Member Case," in accord with their stylings in the Court's docket entries.

>Amended Complaint and of the Member Case Complaint and those counts be **SEVERED** and **REMANDED** to the Circuit Court of Choctaw County, Alabama; and

2. that the Motion be **DENIED** as to all other counts.

FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2015, Plaintiff filed a complaint against "Georgia Pacific, LLC," in the Circuit Court of Choctaw County, Alabama, alleging that the Plaintiff was owed for compensation and medical expenses under the Alabama Workers' Compensation Act (hereafter, "AWCA").  (Doc. 1-1 at 6-7.)  On June 29, 2016, Plaintiff amended the complaint in that action to join Sherry Knight as a defendant and to allege counts of suppression, conspiracy to commit fraud, and outrage against both Defendants. (Doc. 1-1 at 27-37.)  On July 29, 2016, Defendant Georgia-Pacific removed the action to this Court; at the time, Defendant Sherry Knight had not been served.  (Doc. 1 at 1.)  On August 8, 2016, Plaintiff filed a second cause of action in the Circuit Court of Choctaw County, against "Georgia Pacific Consumer Products LP" and Sherry Knight, alleging AWCA violations, suppression, conspiracy to commit fraud, and outrage, as in the Amended Complaint of the first cause of action.  (Doc. 15 at 19-28.)  On September 9, 2016, Defendant Georgia-Pacific removed the second action to this Court, prior to the service of Defendant Sherry Knight.

On September 27, 2016, the two actions were consolidated, since parties agree that the correct name of the corporate defendant is "Georgia-Pacific Consumer Products LP" (hereafter, "Georgia-Pacific") and that the claims against Defendant Sherry Knight were duplicative.  (Doc. 14 at 2-3.)  For the same reasons, the District Judge instructed the undersigned Magistrate Judge to consider the Motion to Remand with respect to all portions of the consolidated case.  (*Id.*)  The first Notice of Removal argues that this Court has federal question subject-matter jurisdiction because Plaintiff's claims arise in the context of Congress's comprehensive remedial scheme for loss or denial of employee benefits, an area of complete preemption over which the federal courts may exercise jurisdiction.  (Doc. 1 at 5 *citing Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1200 (11th Cir. 1999).)  It also argues that the Court has diversity subject-matter jurisdiction since Defendant Sherry Knight, an Alabama citizen like Plaintiff, had not been served at the time.  (Doc. 1 at 9.)  The second Notice of Removal argues only that the Court has federal question jurisdiction.  (Doc. 15 at 5.)

On August 29, 2016, Plaintiff filed the instant Motion to Remand, arguing that the case should be remanded because the Court does not have subject-matter jurisdiction over this case, since there is neither a federal question nor diversity of

3

parties.  (Doc. 4 at 4-6.)  Defendants filed several responses to the Motion to Remand, arguing that the *Butero* test for ERISA preemption and federal jurisdiction is met and that the Motion should be denied.  (Doc. 10 at 5; Doc. 13; Doc. 22.)  Finally, Plaintiff filed a supplemental brief in support, arguing that the AWCA benefit claims were not jurisdictionally preempted by ERISA.  (Doc. 21 at 4-6.)

## STANDARD OF REVIEW

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction.  They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (*quoting Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  The federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Additionally, federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . "  28 U.S.C. § 1332(a)(1).

Generally, a defendant may remove "any civil action brought

in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See also Roe v. Michelin N. Am.*, Inc., 613 F.3d 1058, 1060 (11th Cir. 2010) ("If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)."). "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under [28 U.S.C. ]§ 1446(a)[,]" (*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2007)), and "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The district court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1443, 1440 (11th Cir. 1983)(emphasis added) *citing Bobby Jones Garden Apartments*, 391 F.2d 172, 177 (11th Cir. 1968). Moreover, the law is clear that, " '[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.' " *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676

5

F.3d 1310, 1313 (11th Cir. 2012) (*quoting Univ. of S. Ala.*, 168 F.3d at 411 (citation omitted)). "If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded to the state court from whence it came." *Univ. of S. Ala.*, 168 F.3d at 411 (citing 28 U.S.C. § 1447(c)).

## DISCUSSION

Both federal-question and diversity subject-matter jurisdiction are alleged as bases for the jurisdiction of this Court. The undersigned addresses each in turn.

I. FEDERAL-QUESTION JURISDICTION

Plaintiff's claims are pled as state-law claims, but Defendants argue that this Court has jurisdiction because those claims "arise[s] under" the laws of the United States, specifically under ERISA. (Doc. 1 at 5 *citing* 28 U.S.C. § 1331 *and* 29 U.S.C. §§1001 et seq.) Defendants assert that the claims raised by Plaintiff are preempted by ERISA and thus fall within federal jurisdiction. (*Id.*)

"The absence or presence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint[,]" rather than in any defenses asserted. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An exception to the well-pleaded

6

complaint rule is the doctrine of "complete preemption." (*Id.* at 393.)  Complete preemption

> . . . is distinguished from a simple defense of preemption in that simple preemption is a question of whether a defense is available under federal law, while complete preemption is a jurisdictional question which focuses on Congress' intent to make the cause of action a federal case of action and removable despite the fact that the plaintiff's complaint identifies only state claims.

*Hooper v. Albany Intern. Corp.*, 149 F. Supp. 2d 1315, 1320 (M.D. Ala. 2001) *citing Whitman v. Raley's Inc.*, 886 F.2d 1177, 1181 (9th Cir. 1989).  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *Caterpillar, Inc.*, 482 U.S. at 392.  Thus, "where the removal petition demonstrates that the plaintiff's claims, although couched in the language of state law claims, are federal claims in substance, the preemptive force of federal law provides the basis for removal jurisdiction.  *Hooper*, 149 F. Supp. 2d at 1320 *citing Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557 (1968).

The question of whether complete preemption exists in the present action "arises from Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or denial of employee benefits."  *See Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999) *citing Whitt*

7

*v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Where a plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a), "the Court must recharacterize the plaintiff's claim as an ERISA claim . . ." *Whitt*, 147 F.3d at 1330.

> Regardless of the merits of the plaintiff's actual claims (recast as ERISA claims), relief is available, and there is complete preemption, when four elements are satisfied. First, there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under that plan. Third, the defendant must be an ERISA entity. Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under the plan.

*Butero*, 174 F.3d at 1212 (internal citations omitted).

   A. FIRST PRONG: AN ERISA PLAN

The first prong of the *Butero* test is met when there exists a relevant ERISA plan. 174 F.3d at 1212. Under ERISA, an "employee pension benefit plan" or "pension plan" is

> . . . any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances, such plan, fund, or program—
>
>    (i)   provides retirement income to employees; or
>    (ii)  results in a deferral of income by employees for periods extending to the termination of covered employment or beyond . . .

29 U.S.C. § 1002(2)(A). In this definition, an "employee organization" includes "any labor union . . ." 29 U.S.C. § 1002(4). Plaintiff's benefits are administered under the PACE

Plan, which was established and maintained "for the purposes of providing benefits to participants . . ." (Doc. 1 at 6 *accord* Doc. 1-3.)  Thus, the first *Butero* prong is met.

### B. SECOND PRONG: PLAINTIFF'S STANDING

The second prong of the *Butero* test is met when the plaintiff has standing to sue under the relevant plan.  174 F.3d at 1212.  ERISA stipulates that a "civil action may be brought by a participant or beneficiary [of an ERISA plan] . . . to recover benefits due to him under the terms of his plan," among other motives.  29 U.S.C. § 1132(a).  Since Plaintiff is a participant or beneficiary of the relevant ERISA plan, he has standing to bring suit and the second *Butero* prong is met.

### C. THIRD PRONG: DEFENDANTS AS ERISA ENTITIES

The third prong of the *Butero* test is met when defendant or defendants are "ERISA entit[ies]."  174 F.3d at 1212.  ERISA entities include "the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan." *Morstein v. Nat'l Ins. Servs.*, 93 F.3d 715, 722 (11th Cir. 1996).  Since Defendant Georgia-Pacific is Plaintiff's employer, it is an ERISA entity. *See id.*  Actions may also be brought against the employees or agents of ERISA entities.  *Butero*, 174 F.3d at 1213 n.3; *Engelhardt v. Paul Revere Life Ins. Co.*, 77 F. Supp. 2d 1226, 1238 (M.D. Ala. 1999); *Culpepper v. Protective Life Ins. Co.*, 938 F.Supp. 794, 801 (M.D. Ala. 1996).  Either they are treated

9

as ERISA entities in themselves (*Engelhardt*, 77. F. Supp. 2d at 1238) or they are included because to do otherwise "would reduce all ERISA's preemptive scope to nothing but a trap for an artless pleader." *Butero*, 174 F.3d at 1213 n.3.  Defendant Sherry Knight is a human resources manager employed by Defendant Georgia-Pacific who was one party responsible for administering the relevant ERISA plan.  (Doc. 1 at 2-4; Doc. 4 at 2-3.)  Since Defendant Georgia-Pacific is an ERISA entity and suit is also appropriate against Defendant Sherry Knight, the third *Butero* prong is met.

D. FOURTH PRONG: RELIEF AKIN TO 29 U.S.C. § 1132(a)

The fourth prong of the *Butero* test is met when the complaint "seek[s] compensatory relief akin to that available under [29 U.S.C.] § 1132(a); often this will be a claim for benefits due under a plan."  174 F.3d at 1212.  ERISA gives a participant or beneficiary the right to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as well as "to enjoin any act or practice which violates any provision of this title or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan."  29 U.S.C. § 1132(a)(1)(B), (a)(3).  Recasting a Plaintiff's state law claims

as ERISA claims is appropriate where those "state law claims have a direct connection to the administration of []benefits under an ERISA plan." *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1027, 1029 (11th Cir. 1999).

The Amended Complaint in the Lead Case and the Complaint in the Member Case allege four counts against Defendants. (Doc. 1-1 at 31-36; Doc. 15 at 22-26.) The first count seeks compensation and medical expenses for Plaintiff under the AWCA. (Doc. 1-1 at 31-32; Doc. 15 at 22-23.) A state-law workmen's compensation claim is specifically excluded by Congress from ERISA's preemptive scope. *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.") *and, e.g., Raye v. Employer's Ins. Wausau*, 345 F. Supp. 2d 1313, 1316 (S.D. Ala. 2004). The jurisdictional implications of the inclusion of the AWCA claim here are discussed further below.

The remaining counts allege tort claims of suppression, conspiracy to commit fraud, and outrage. (Doc. 1-1 at 32-36; Doc. 15 at 23-26.) "State causes of action that are creatures of the common law do not 'arise under' the workers' compensation act laws[,]" and thus do not trigger the application of 28 U.S.C. § 1445(c). *Raye*, 345 F. Supp. 2d at 1316 (internal citations omitted). The Eleventh Circuit Court of Appeals has

held that "claims against an insurer for fraud and fraud in the inducement to purchase a policy are in essence claims to recover benefits due to the [the beneficiary] under the terms of the plan.' " *Butero*, 174 F.3d at 1213 *citing* 29 U.S.C. § 1132(a)(1)(B) *and Engelhardt v. Paul Revere Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir. 1998).  Like the insurer in the *Butero* finding, Defendant Georgia-Pacific is an ERISA entity with whom Plaintiff has a plan relationship.  (Doc. 1 at 6.)  The plaintiff in *Butero* claimed that the insurer fraudulently induced him to purchase the policy he did (*Butero*, 174 F.3d at 1213), just at Plaintiff here alleges that the conspiracy to commit fraud and suppression attributed to Defendants caused him to elect benefits that he otherwise would not have.  (Doc. 1 at 32-34; Doc. 15 at 23-26.)  Alternatively, the suppression and conspiracy to commit fraud claims may be analogous to equitable relief claims, allowed when an employer or plan administrator breaches a duty to a member or beneficiary by intentionally misrepresenting information.  *Varity Corp v. Howe*, 516 U.S. 489, 508-512 (1996).  Thus, the suppression and conspiracy to commit fraud claims "seek compensatory relief akin to that available under [29 U.S.C.] § 1132(a) . . . "  174 F.3d at 1212.

Plaintiff's final claim, that of the tort of outrage, similarly seeks ERISA-type relief.  As a common-law cause of action, it does not arise under the AWCA.  *Raye*, 345 F. Supp. 2d

12

at 1316 (internal citations omitted).  The outrage claim alleges, in part, that Defendants coerced Plaintiff into applying for specific disability retirement benefits.  (Doc. 1-1 at 32-36; Doc. 15 at 23-26.)  Such demands touch on the recovery of workers' compensation benefits, but their conversion into ERISA-type claims is appropriate where they are brought "under the rubric of common-law claims of outrage . . . and not under the [AWCA] itself."  *Raye*, 345 F. Supp. 2d at 1316; *see also Bowen v. Goodyear Tire & Rubber Co., Inc.*, No. 12-3749 (N.D. Ala. Jan. 11, 2013)(order denying motion to remand).  Since Plaintiff's three tort claims seeks compensatory relief akin to that available under 29 U.S.C. 1132(a), the fourth *Butero* prong is met as to those claims.  The fourth prong is not met as to Plaintiff's AWCA claim.  Because all fourth *Butero* prongs are met as to the tort claims, these claims are completely preempted by federal ERISA law.  *See, Butero*, 174 F.3d at 1212 (internal citations omitted).  Since the claims are completely preempted, this Court has federal-question subject-matter jurisdiction and the claims are properly removed.  *Hooper*, 149 F. Supp. 2d at 1320 *citing Avco Corp.*, 390 U.S. 557 (1968).  As discussed below, the same federal-question jurisdiction does not extend to the AWCA claim.

II. DIVERSITY JURISDICTION

Federal courts may exercise diversity jurisdiction over all

13

civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs and the action is between citizens of different states.  28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (*citing Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by [the Defendant], [the Defendant] bears the burden of proving that federal jurisdiction exists.").  A removing defendant bears the same burden with regard to the amount in controversy.  *See Tapscott v. MS Dealer Service,* 77 F.3d 1353, 1355 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) ("[A]removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement.").

Plaintiff in the instant case is a citizen of Alabama.  (Doc. 1 at 9; Doc. 1-1 at 29.)  Defendant Georgia-Pacific is a limited partnership.  (Doc. 1 at 9; Doc. 1-4 at 2-3.)  "[F]or

the purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens*, 374 F.3d at 1021 *citing Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). Both of Georgia-Pacific's members are ultimately controlled, through a network of intermediate LLCs, by Koch Industries, Inc., a Kansas corporation with its principal place of business in Kansas.  (Doc. 1-4 at 3.)  Thus, Defendant Georgia-Pacific is a citizen of Kansas.  (*See* Doc. 1 at 9.)  Defendant Sherry Knight is a citizen of Alabama.  (Doc. 1-1 at 29; Doc. 15 at 38.)  Since Plaintiff and Defendant Sherry Knight are both citizens of Alabama, there is not complete diversity of parties and the Court may not exercise diversity jurisdiction in this action.  *See* 28 U.S.C. § 1332 *and Triggs*, 154 F.3d at 1287.

III. NONREMOVABLE CLAIM

The first counts of the Amended Complaint in the Lead Case and the Complaint in the Member Case seek "judgment against the Defendant [Georgia-Pacific] . . . under the Workers' Compensation Act of the State of Alabama."  (Doc. 1-1 at 32; Doc. 15 at 23.)  "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  Thus, this Court may not exercise jurisdiction over the AWCA claim removed here by Defendants.  *See id.*

Congress has provided for those instances, such as this action, where a removed action includes both federal-question claims and nonremovable claims:

> (1) If a civil action includes—
>
>    (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
>    (B) a claim . . . that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed . . .

28 U.S.C. § 1441(c). As discussed above, the AWCA claim here is joined with three tort-law claims subject to federal-question personal jurisdiction. (*See* Doc. 1-1 at 32; Doc. 15 at 23.) Plaintiff argues that judgment consistency and judicial economy call for remanding the entire action, rather than severing the nonremovable claim. (Doc. 21 at 7-9.) While complete remand may be possible where subject-matter jurisdiction is based on diversity, Congress has specifically prescribed severance as the method of dealing with cases where the Court has jurisdiction on the removable claims as federal questions. *Phillips v. R. R. Dawson Bridge Co., LLC*, 2014 WL 3970176, at *3-4 (N.D. Ala. Aug. 12, 2014). "Where . . . a claim has been properly removed and

is not subject to remand under the governing statutes, it cannot be remanded on the grounds that judicial economy with be served therey." *Lamar v. Home Depot*, 907 F. Supp. 2d 1311, 1317 (S.D. Ala. 2012). Since Defendants have shown (*supra*) that the tort claims are properly considered as federal questions, and since the AWCA claim is nonremovable, the undersigned is forced to recommend severance and remand of the AWCA claim pursuant to federal statute. *See* 28 U.S.C. § 1441(c).

## CONCLUSION

After careful consideration of the record, and for the reasons described herein above, it is **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 4) be **GRANTED in part** and **DENIED in part** as follows:

1. that the Motion be **GRANTED** as to Count I (Alabama Workers' Compensation Act Claim) of the Lead Case Amended Complaint and of the Member Case Complaint and those counts be **SEVERED** and **REMANDED** to the Circuit Court of Choctaw County, Alabama; and

2. that the Motion be **DENIED** as to all other counts.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(B); S.D. Ala. GenLR72.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 25th day of October, 2016.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE