IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROOSEVELT LANDRUM,                )     | |
|     Plaintiff,                                        ) | |
|                                                              ) | |
| v.                                                           )   | CIVIL CASE 16-00399-KD-M |
|                                                              ) | |
| GEORGIA-PACIFIC CONSUMER   )   | MEMBER CASE NO. 16-cv-00479-KD-M |
| PRODUCTS LP,                                    ) | |
|     Defendant.                                   ) | |

**ORDER**

This matter is before the Court on Plaintiff Roosevelt Landrum's motion to dismiss (Doc. 36), Defendant Georgia Pacific Consumer Products LP's response with objections and Rule 41(a)(2) Proposed Order (Docs. 37, 37-1), and Landrum's Reply (Doc. 39).

At the outset, Rule 41 governs dismissals. Plaintiff seeks to voluntarily dismiss his remaining claims against the Defendant. Defendant filed an Answer. (Doc. 2). Defendant also did not join in Plaintiff's motion such that it is not a stipulation of dismissal. As such, any dismissal based on Plaintiff's motion must be accomplished pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, on terms the Court considers proper, via Court order:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. Rule 41(a)(2).

In assessing Rule 41(a)(2) motions, with regard to the Court's discretion, and as enunciated in Fountain v. Forniss, 2013 WL 360261, *3 (N.D. Ala. Jan. 25, 2013):

> The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court; thus, a plaintiff holds

no right to such dismissal. What is more, in exercising its discretion, the court must 'keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.' 'In this instance, the respondents were required to answer the petitioner's claims and were required to locate, collect, and submit the relevant record. They have demonstrated the absence of any right to further review. To permit a dismissal without prejudice is not fair to the respondents or justified under the circumstances. Accordingly, this matter is due to be dismissed with prejudice.' (quoting *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1259 (11th Cir.2006) (in turn quoting *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir.1991)))).

The Eleventh Circuit specified further in <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255–1256, 1259 (11th Cir. 2001) (footnotes omitted) that:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir.1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Id.* at 856–57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857. Accordingly, we review a district court's decision to allow a voluntary dismissal without prejudice under Rule 41(a)(2) only for an abuse of discretion. *Id*.
> \*\*\*
> Pontenberg sought to dismiss her action…after the discovery period had expired and after her expert reports had been excluded from the record as a result of her attorney's failure to timely comply with the expert disclosure requirements of Rule 26. Boston Scientific objected to a voluntary dismissal without prejudice. Boston Scientific claimed that a dismissal without prejudice was inappropriate at this juncture in the litigation because it had invested considerable resources, financial and otherwise, in defending the action, including by preparing the then pending summary judgment motion. Additionally, Boston Scientific argued that dismissal without prejudice was improper because Pontenberg had failed to diligently prosecute the action.[]
> \*\*\*
> …the district court did not abuse its broad discretion in allowing Pontenberg to dismiss voluntarily her action…without prejudice under Rule 41(a)(2). Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss. *See Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir.1967).
> \*\*\*
> Under our circuit precedent, delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion

is pending. *See Durham*, 385 F.2d at 368; *McCants*, 781 F.2d at 858. And while the Eleventh Circuit "has not explicitly adopted factors that a trial court should evaluate" when assessing a Rule 41(a)(2) motion to dismiss with or without prejudice, "substantial discretion is vested in the district court to determine and implement a just resolution." BMC–The Benchmark Mgmt. Co. v. Ceebraid–Signal Corp., 2007 WL 2126272, *5 (N.D. Ga. July 23, 2007) (citations omitted). Notably, when courts have denied a plaintiff's Rule 41(a)(2) motion to dismiss without prejudice, the following factors were important considerations: the length of time and amount of resources spent by the defendant, dilatory tactics on the part of the plaintiff and the presence of a pending summary judgment motion. Id.

In this case, Plaintiff initially sought to voluntarily dismiss all of his remaining claims, not specifying whether with or without prejudice. In response, Defendant objected to some of the language in Plaintiff's motion but agreed that all of his claims against it should be dismissed, *but with prejudice*, each party to bear his or its own costs and attorneys' fees. (Doc. 37). In so contending, Defendant failed to provide any explanation as to why the dismissal should be with prejudice. In reply, Plaintiff makes clear, and asserts, that he only seeks to voluntarily dismiss his claims against the Defendant *if they are dismissed without prejudice*, but that if the Court is inclined to dismiss them with prejudice, his motion is withdrawn. (Doc. 39).

Turning to the relevant factors, *supra*, Defendants removed this case from state court to this Court on July 25, 2016 (Doc. 1) and subsequently litigated Plaintiff's motion to remand (Doc. 4) from September to November of 2016. Plaintiff's motion to remand was granted in part and denied in part, with some claims being remanded to the Circuit Court of Choctaw County, Alabama. (Docs. 23, 31). While Defendant may have spent a significant time and/or resources litigating this case thus far, there is no indication of such being "excessive." Additionally, there

3

is nothing before the Court indicating dilatory tactics on the part of Plaintiff. Moreover, there is no pending summary judgment motion. Moreover, the Defendant has not even argued, and there is nothing suggesting, that it will suffer clear legal prejudice or lose any substantial right, if the dismissal is without prejudice.

Upon consideration, it is **ORDERED** that all of Plaintiff Roosevelt Landrum's remaining claims against Defendant Georgia Pacific Consumer Products LP are hereby **DISMISSED without prejudice,** with each party to bear his or its own attorneys' fees and costs.

**DONE** and **ORDERED** this **25th** day of **January 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**